1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10 GRAYR P. YERIKYAN,                    Case No. 1:14-cv-01567-SKO (PC)

11          Plaintiff,                   ORDER DISMISSING COMPLAINT, WITH
                                         LEAVE TO AMEND, FOR FAILURE TO
12      v.                               STATE A CLAIM

13 DOCTOR N. AMBATI, et al.,             (Doc. 1)

14          Defendants.
   _____/
15

16                    **Screening Order**

17 **I.     Screening Requirement and Standard**

18         Plaintiff Grayr P. Yerikyan, a federal prisoner proceeding pro se and in forma pauperis,

19 filed this civil suit on October 7, 2014.  The Court is required to screen Plaintiff's complaint and

20 dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which

21 relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint must contain "a short and plain

22 statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).

23 Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

24 of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S.

25 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127

26 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-*

27 *Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

28

1 omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S.

2 at 678.

3     Pro se litigants are entitled to have their pleadings liberally construed and to have any

4 doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe*

5 *v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to

6 survive screening, which requires sufficient factual detail to allow the Court to reasonably infer

7 that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation

8 marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer

9 possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability

10 falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks

11 omitted); *Moss*, 572 F.3d at 969.

12 **II.   Discussion**

13     **A.     Allegations**

14     Plaintiff is currently incarcerated at Federal Medical Center in Butner, North Carolina, and

15 he brings this action against Doctor N. Ambati and Chief Executive Officer/Hospital

16 Administrator Tim A. Joslin for events which occurred at Community Regional Medical Center in

17 Fresno, California.  Plaintiff alleges that Defendant Ambati committed malpractice in diagnosing

18 Plaintiff and performing surgery, which resulted in a colon injury and the need for emergency

19 bowel reconstruction.  Plaintiff alleges that Defendant Joslin was negligent in failing to supervise

20 Ambati and he allowed Ambati to commit medical malpractice.  Plaintiff seeks $5,000,000.00 in

21 compensatory damages.

22     **B.     *Bivens* Claim Deficiencies**

23     In filing this case, Plaintiff used the Court's form complaint for prisoner civil rights claims.

24 Plaintiff is a federal prisoner and he indicates on the form that this action is brought pursuant to

25 *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct.

26 1999 (1971), which, under limited circumstances, provides a remedy for violation of civil rights

27 by federal actors.  *Minneci v. Pollard*, __ U.S. __, __, 132 S.Ct. 617, 621 (2012).  However,

28 Defendants Ambati and Joslin are private parties employed by Community Regional Medical

2

1  Center, where Plaintiff underwent surgery; they are not federal government personnel and this

2  deficiency is fatal to Plaintiff's *Bivens* claim against them.  *Minneci*, ___ U.S. at___, 132 S.Ct. at

3  621.

4       Additionally, while prisoners have an Eighth Amendment right to adequate medical care,

5  the Eighth Amendment is violated only when a prison official acts with deliberate indifference to

6  an inmate's serious medical needs.  *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012),

7  *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014);

8  *Wilhelm*, 680 F.3d at 1122; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  The requisite

9  state of mind is one of subjective recklessness, which entails more than ordinary lack of due care,

10 *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122, and

11 medical malpractice, as alleged in the complaint, does not become a constitutional violation

12 merely because the victim is a prisoner, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1977)

13 (quotation marks omitted); *Snow*, 681 F.3d at 987-88; *Wilhelm*, 680 F.3d at 1122.  Thus,

14 notwithstanding Plaintiff's failure to name proper parties under *Bivens*, his allegations do not

15 demonstrate the existence of any constitutional violation.

16      **C.**   **State Law Tort Claims**

17           **1.**   **Diversity Jurisdiction**

18      "Federal courts are courts of limited jurisdiction," and "[t]hey possess only that power

19 authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen*

20 *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994) (citations omitted).  "It

21 is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing

22 the contrary rests upon the party asserting jurisdiction."  *Kokkonen*, 511 U.S. at 377 (citations

23 omitted).  That burden notwithstanding, "[f]ederal courts are always 'under an independent

24 obligation to examine their own jurisdiction,'" and "a federal court may not entertain an action

25 over which it has no jurisdiction."  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000)

26 (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596 (1990), *modified in part*

27 *on other grounds*, *City of Littleton, Colo. V. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774, 781, 124 S.Ct.

28 2219 (2004)).

1    Plaintiff does not plead a viable federal constitutional or federal statutory claim, and he

2  does not assert any alternative basis for jurisdiction.   However, federal courts have original

3  jurisdiction of all civil actions where the matter in controversy exceeds the $75,000.00 and is

4  between citizens of different states.   28 U.S.C. § 1332(a) (quotation marks omitted).   In light of

5  the leniency courts are required to afford pro se litigants, the Court finds Plaintiff's complaint

6  suffices to demonstrate that Defendants Ambati and Joslin reside in California while he resides in

7  North Carolina. *Mann v. City of Tucson, Dept. of Police*, 782 F.2d 790, 793-94 (9th Cir. 1986)

8  (per curiam).   Furthermore, Plaintiff is seeking more than $75,000.00 in damages.   *Id.*

9  Accordingly, the Court finds it has diversity jurisdiction over Plaintiff's state law tort claims.

10                    **2.    Merits of Claims**

11    "The elements of a medical malpractice claim are (1) the duty of the professional to use

12  such skill, prudence, and diligence as other members of his profession commonly possess and

13  exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent

14  conduct and resulting injury; and (4) actual loss or damage resulting from the professional's

15  negligence." *Avivi v. Centro Medico Urgente Med. Ctr.*, 159  Cal.App.4th 463, 468, n.2, 71

16  Cal.Rptr.3d 707, 711 (Cal.Ct.App. 2008) (internal quotations and citation omitted).   Here, Plaintiff

17  fails to any allege specific facts supporting a claim for medical malpractice against Defendant

18  Ambati; conclusory allegations of malpractice do not suffice.   With respect to Defendant Joslin,

19  Plaintiff's complaint is entirely devoid of any factual basis supporting liability against Joslin for

20  negligence. *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009); *Ileto v. Glock Inc.*, 349 F.3d

21  1191, 1203 (9th Cir. 2003); *Doe v. Capital Cities*, 50 Cal.App.4th 1038, 1054-55 (Cal.Ct.App.

22  1996).

23  **III.    Conclusion and Order**

24    Plaintiff's complaint fails to state a claim upon which relief may be granted against

25  Defendants Ambati and Joslin.   The Court will provide Plaintiff with an opportunity to file an

26  amended complaint, assuming he believes in good faith he can cure the deficiencies identified.

27  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th

28  Cir. 2000).

Plaintiff's amended complaint should be brief, but it must state the factual bases for Plaintiff's claims against the named defendants.  Fed. R. Civ. P. 8(a); *Hebbe*, 627 F.3d at 342; *Doe I*, 572 F.3d at 681; *Ileto*, 349 F.3d at 1199-1200.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).   Finally, the amended complaint will supercede the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   __**November 6, 2014**__                 _____**/s/ Sheila K. Oberto**__
                                                            UNITED STATES MAGISTRATE JUDGE