1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GRAYR P. AMBATI, | ) Case No.: 1:14-cv-01567 JLT (PC) |
| Plaintiff, | ) |
| | ) ORDER RECLASSIFYING THIS MATTER AS A |
| v. | ) CIVIL CASE |
| | ) |
| DR. N. AMBATI, et al. | ) ORDER DISMISSING PLAINTIFF'S COMPLAINT |
| | ) WITH LEAVE TO AMEND |
| Defendants. | ) |
| | ) |
| _____ | ) |

        Grayr Ambati seeks to impose liability on a doctor and the CEO of Fresno Community
Regional Hospital.  (Doc. 7)  He claims that while a patient at the hospital Dr. Ambati committed
medical negligence during a surgical procedure and Plaintiff suffered damages as a result.  (Doc. 7 at
3)  In particular, he claims he suffers ongoing pain and disfigurement due to the surgical scars of a
second surgery needed to repair the damage from the surgery performed by Dr. Ambati.  Id.  He
claims liability should be imposed on Tim Joselin for failing to adequately supervise Dr. Ambati.  Id.
at 4.  Because it is not clear from the pleadings the Court has jurisdiction in this matter, and due to
other pleading deficiencies, the Court **ORDERS** the matter **DISMISSED** with leave to amend.

**I.      Order reclassifying the matter**

        Though Plaintiff is in the custody of Bureau of Prisons, he does not seek to impose liability on
any state or federal actor and does not complain about the conditions of his confinement.  (Doc. 7)

Rather, he complains about medical care he received at a private hospital.  Thus, the matter is not properly classified as a "prisoner case" and is **ORDERED** to be reclassified as a "civil case."  Local Rule 101.

## II.      Screening requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and dismiss the case if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## III.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner, and identify the grounds upon which the complaint stands.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

2

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

Iqbal, 566 U.S. at 678 (citations omitted). When factual allegations in a complaint are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief. Id. However, legal conclusions are not entitled to the same assumption of truth. Id. Leave to amend a complaint may be granted when its deficiencies can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.    Factual Allegations

Plaintiff alleges that he underwent surgery on August 8, 2013 at Fresno Community Regional Hospital "for the removal of left nephrectomy procedure for the removal of carcinogenil @ kidney." (Doc. 7 at 3)  He alleges that during this surgery, the surgeon, Dr. N. Ambati, injured Plaintiff's "distal pancreatic and descending/sigmoid colon." Id.  Plaintiff claims he was required to undergo a second surgery to repair this damage which left him "in pain in the surgical areas and in the testicles as well as permanant [sic] disfiguration and incissions [sic] that were and are completely disfiguring to the plaintiff." Id.

He claims that Dr. Ambati "is an underling to Defendant CEO Tim A. Joselin" and seeks to impose liability upon Joselin for failing to properly supervise Dr. Ambati. (Doc. 7 at 4)  He seeks damages in the amount of $5 million and reimbursement for his costs and fees. Id. at 5.[1]

## V.    Diversity jurisdiction

As Plaintiff was advised previously (Doc. 6 at 3), "Federal courts are courts of limited jurisdiction," and "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994) (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and

---

[1] At least as of this time, Plaintiff has not paid any costs and is representing himself such that he would not be entitled to fees.

the burden of establishing the contrary rests upon the party asserting jurisdiction." <u>Kokkonen</u>, 511 U.S. at 377 (citations omitted). That burden notwithstanding, "[f]ederal courts are always 'under an independent obligation to examine their own jurisdiction,'" and "a federal court may not entertain an action over which it has no jurisdiction." <u>Hernandez v. Campbell</u>, 204 F.3d 861, 865 (9th Cir. 2000) (quoting <u>FW/PBS, Inc. v. City of Dallas</u>, 493 U.S. 215, 231 (1990), modified in part on other grounds, <u>City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.</u>, 541 U.S. 774, 781 (2004)).

Here, Plaintiff alleges that while he was housed in California, he underwent the surgeries described above. (Doc. 7 at 3-4)  The face of his complaint details that his current address is in North Carolina. <u>Id</u>. at 1.  However, Plaintiff fails to allege sufficient facts detailing his citizenship.

According to 28 U.S.C. § 1332, the parties to the litigation must have diverse citizenships, not diverse residences.  A person's citizenship is determined first by whether he is a citizen of the United States and second by the state where he is domiciled. <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).  To be domiciled in a state, the person must have a physical presence, such as having a residence or having a location where his belongings are kept, in the state coupled with the intent to permanently reside there. <u>Id</u>.  The fact that Plaintiff is currently housed in North Carolina is insufficient to demonstrate his citizenship.  Indeed, unless that state was where Plaintiff lived at the time he entered into custody, this is unlikely.

Unlike the situation in <u>Mann v. City of Tucson, Dept. of Police</u>, 782 F.2d 790, 793-94 (9th Cir. 1986), here Plaintiff does not allege any facts related to his citizenship nor does he claim that he is temporarily residing elsewhere.[2]  Thus, the Court cannot determine whether its diversity jurisdiction has been properly invoked and the matter must be **DISMISSED with leave to amend.**

**VI.    Respondeat superior**

Plaintiff seeks to impose liability on Tim Joslin as the "CEO and Admin of Fresno Community Hospital." (Doc. 7 at 1)  However, by alleging that Joslin is the CEO, Plaintiff implies that Fresno Community Hospital is a corporation such that Joslin is an officer of the corporation, rather than its

---

[2] In addition, Plaintiff does not allege the citizenships of the Defendants though the Court presumes their citizenship is in California.  In his second amended complaint, should he choose to file one, Plaintiff must set forth the citizenship of any named Defendants.

1  owner.  Id. Similarly, Plaintiff alleges, in shorthand fashion, that Joslin is the administrator of the

2  hospital which, again, implies he is an employee of that entity. Id.  The fact that Joslin is alleged to

3  have had the obligation to supervise Dr. Ambati does not sufficiently demonstrate the application of the

4  doctrine of respondeat superior.

5     The doctrine recognizes that the employer may be held liable for the acts of the employee if

6  they are performed in the course of the employer's business operation.  Lisa M. v. Henry Mayo

7  Newhall Mem'l Hosp., 12 Cal.4th 291, 296 (1995).  Though the facts alleged in the complaint

8  demonstrate that Joslin was a supervisor of Dr. Ambati, there is no showing that Joslin was the

9  employer of the physician.  (Doc. 7 at 5)  To the contrary, it appears that Dr. Ambati was employed by

10  Fresno Community Regional Hospital—just as Jolin was—and, therefore, Joslin may not be held liable

11  for Dr. Ambati's wrongful acts.  Therefore, the complaint must be **DISMISSED with leave to amend.**

12  **VII.    Negligent acts of Defendant Joslin**

13     Though Joslin may be held liable for his own acts of negligence, the complaint fails to provide a

14  sufficient factual basis for the conclusion that he committed acts which caused Plaintiff's injuries.

15  Plaintiff must set forth facts indicating the duty he claims Joslin owed him, how he breached this duty,

16  how Joslin caused Plaintiff's injuries.  Once again, the complaint fails to do so.[3]

17  **VIII.   Medical negligence of Defendant Ambati**

18     "The elements of a medical malpractice claim are (1) the duty of the professional to use such

19  skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a

20  breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting

21  injury; and (4) actual loss or damage resulting from the professional's negligence." Avivi v. Centro

22  Medico Urgente Med. Ctr., 159 Cal.App.4th 463, 468, n.2, (Cal.Ct.App. 2008) (internal quotations and

23  citation omitted).

24

25

26

27  [3] Notably, given Joslin was an administrator rather than a medical doctor, Plaintiff must demonstrate that Joslin knew or
had reason to know Ambati's surgical skills were insufficient to meet the standard of care and despite this knowledge

28  and despite having the authority to take action to prevent Dr. Ambati from performing surgery, Joslin failed to do so.  The mere
fact that an error was made during Plaintiff's surgery is insufficient.  Moreover, Plaintiff must allege *facts not mere
conclusions* to properly set forth a cognizable claim against Joslin.

Here, Plaintiff alleges Dr. Ambati performed surgery on him related to remove at least part of his kidney, apparently due to a finding of cancer in the organ.  (Doc. 7 at 3)  During this surgery, Plaintiff suffered injury to his pancreas and colon. <u>Id</u>.

While these allegations are sufficient to set forth the elements of causation and damages, they are not sufficient to demonstrate that Dr. Ambati failed to perform Plaintiff's surgery with the skill, prudence, and diligence as other members of his profession commonly possess and exercise.  Thus, Plaintiff has failed to properly allege a cognizable claim against Dr. Ambati and the complaint must be **DISMISSED with leave to amend.**

In the event Plaintiff chooses to file a second amended complaint, he must set forth **<u>facts— rather than mere conclusions—</u>**demonstrating how it is shown that Dr. Ambati lacked the skills needed to perform the operation, that he failed to prudently perform the surgery and/or that he failed to exercise the proper diligence when conducting the surgery.  Merely asserting that he lacked the skills and failed to perform the surgery with prudence and/or diligence is not enough; Plaintiff must outlined with facts *how* this is shown.

## IX.    Conclusion and Order

The Court must dismiss Plaintiff's complaint because it provides few facts. The Court will grant Plaintiff **<u>one, final opportunity</u>** to file a second amended complaint to address the deficiencies.  See <u>Lopez</u>, 203 F.3d at 1130.  Plaintiff is reminded that he is required to provide a short, plain statement of his case sufficient to give each defendant fair notice of the claims against them.  <u>Iqbal</u>, 566 U.S. at 678.

The amended pleading must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Plaintiff is advised that the Court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires and amended complaint to be "complete in itself without reference to the prior or superseded pleading."  As a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, once Plaintiff files a First Amended Complaint, the original complaint no longer serves any function in the case.   Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).

1    Finally, Plaintiff is informed that the filing of any motion to compel the production of

2  documents or discovery related to his claims is premature.

3    Based upon the foregoing, **IT IS HEREBY ORDERED**:

4    1.    The matter is **RECLASSIFIED** as a civil case;

5    2.    Plaintiff's first amended complaint (Doc. 7) is **DISMISSED** with leave to amend;

6    3.    Plaintiff **SHALL** file a Second Amended Complaint within thirty days from the date of

7          service of this Order; and

8    4.    Plaintiff is advised that the action may be dismissed for failure to comply with this

9          Order. See e.g. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissing

10         the action for failure to comply with an order requiring amendment of complaint).

11

12  IT IS SO ORDERED.

13   Dated:   **March 24, 2015**              **/s/ Jennifer L. Thurston**
14                                        UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7