**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GRAYR P. YERIKAN, | Case No.: 1:14-cv-01567 JLT (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S "OMIBUS" MOTION |
| v. | |
| DR. N. AMBATI, et al. | (Doc. 10) |
| Defendants. | |

Before the Court is Plaintiff's motion, titled "Omibus Motion in relation to Stay to amend and Correction of Court's Error in the Title of the Case Motion to Stay Proceeding." (Doc. 10) The motion raises several issue, most notably a request to stay the matter, which the Court has considered and will **DENY**.

**I.     Motion to correct title of the case**

Plaintiff notes the Court made a typographical error in its previous order and did not properly note his correct surname. (Doc. 10 at 1, 2) However, the Court's records are correct; it was only the last order which was improperly titled. Thus, the motion in this regard is **DENIED**.

**II.    Motion to stay the action**

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket

with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); see also Gold v. Johns–Manville Sales Corp., 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand).  This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254–55.  In determining whether a stay is warranted, courts consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed.  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962).

Plaintiff seeks a stay of the action indicating that he would like to hire a lawyer but has not been able to do so and must rely upon "unskilled jailhouse lawyers." (Doc. 10 at 2)  Unfortunately, this is a circumstance faced by most inmate-litigants and the fact that Plaintiff has attempted to hire counsel but "has been rebuffed at every junction" (Id.) makes clear that retaining a lawyer is not imminent.  However, this was the same circumstance as existed when he chose to file his litigation and does not provide any basis for the Court to stay the action.

In addition, Plaintiff notes that he is dissatisfied with the content of the law library at his place of incarceration.  (Doc. 10 at 2) Notably, however, the Court's order dismissing his complain was not for lack of properly cited legal authorities; it was because Plaintiff failed to provide sufficient factual support for the Court's jurisdiction. (Doc. 9 at 3-4)  Thus, even the best equipped law library could not assist Plaintiff.  Moreover, the Court cited relevant legal authorities such to inform Plaintiff of exactly what was needed in order for him to proceed.

Here, the Court finds no inequity if the matter is not stayed.  Though the Court appreciates the difficulty in prosecuting a lawsuit without the assistance of a lawyer, every day, the Court is confronted by cases prosecuted by inmates who lack legal training and who have only limited access to legal materials.  Nevertheless, they manage to do so fairly well, in most cases.  Likewise, the Court finds that the case would not be simplified at all if the stay is granted and, to the contrary, there exists the potential that witnesses will be lost or memories will fade if the matter is delayed.

Plaintiff's lack of legal counsel and the state of the law library have not changed from the time he filed the complaint and, despite awareness of these circumstances, Plaintiff chose to file this litigation. Why he now sees these problems are insurmountable is not clear. In any event, he fails to provide any sufficient basis for the request for the stay and, as a result, the stay is **DENIED**.

### III.  Motion for an extension of time to file the second amended complaint

Plaintiff seeks an extension of time to file the second amended complaint until thirty days after November 30, 2016, when he will be released from custody. (Doc. 10 at 3)  He reports that the extension is needed so he can consult a doctor who can "certify whether [sic] the plaintiff has a case." Id. at 3.  However, at this time, the question is not so much whether Plaintiff has a case—though, admittedly, Plaintiff has not yet shown this--but whether this Court has jurisdiction to decide the case. (Doc. 9 at 3-4).

The Court has been provided no explanation why, if Plaintiff felt he needed the assistance of the medical doctor before he could be confident he has a case against the Defendants, he filed the lawsuit at this time in this Court.  He fails to explain how retaining a doctor could address the pleading deficiencies noted in Court' earlier order and does not explain why he believes the Defendants would not be prejudiced by allowing this case to languish for nearly two years while he completes his prison term.  Thus, the motion for an extension is not properly supported and is **DENIED**.

### ORDER

For the reasons set forth above, the motion (Doc. 10) is **DENIED**.  Plaintiff **SHALL** file his second amended complaint no later than **May 15, 2015**.  **Plaintiff is advised that his failure to do so will result in an order dismissing the action.**

IT IS SO ORDERED.

Dated:   **April 16, 2015**              　　　　 **/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

3