UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRAYR P. YERIKYAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. N. AMBATI, et al.<br><br>　　　　Defendants. | Case No.: 1:14-cv-01567-JLT<br><br>ORDER DIRECTING THE CLERK TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THE ACTION<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |

Grayr Yerikyan seeks to impose liability on a doctor and the CEO of Fresno Regional Community Hospital. (Doc. 12) He claims that while a patient at the hospital, Dr. Ambati failed to provide adequate medical treatment and Plaintiff was required to have a second surgery as a result of the alleged malpractice. (Id. at 3-4) Further, Plaintiff asserts liability should be imposed on Tim Joselin, the CEO, for failing to keep medical records of his second operation. (Id. at 4) Because Plaintiff fails to state a cognizable claim, the Court recommends the Second Amended Complaint be **DISMISSED** without leave to amend.

**I.     Screening requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and dismiss the case if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is

frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

The Court must screen the First Amended Complaint because an amended complaint supersedes the previously filed complaint. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## II.     Pleading Standards

The Federal Rules of Civil Procedure set forth the pleading standards for a complaint. Rule 8 requires, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings filed by attorneys. Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner, and identify the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 566 U.S. at 678 (citations omitted).  When factual allegations in a complaint are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief.  Id.  However, legal conclusions are not entitled to the same assumption of truth.  Id.  Leave to amend a complaint may be granted when its deficiencies can be cured by an amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.	Factual Allegations[1]

Plaintiff alleges that he underwent surgery on August 8, 2013 at Fresno Community Regional Hospital "for the removal of left nephrectomy procedure for the removal of carcinogenil @ kidney." (Doc. 7 at 3)  He alleges that during this surgery, the surgeon, Dr. N. Ambati, injured Plaintiff's "distal pancreatic and descending/sigmoid colon."  (Id.)  Plaintiff claims he was required to undergo a second surgery to repair this damage which left him "in pain in the surgical areas and in the testicles as well as permanant [sic] disfiguration and incissions [sic] that were and are completely disfiguring to the plaintiff."  (Id.)  According to Plaintiff, Dr. Ambati "failed to perform with the skill and responsibility of . . . the norms of his profession" and caused "disfiguration to the plaintiff" through "deliberate indifference and neglect."  (Doc. 12 at 3)

He claims that Dr. Ambati "is an underling to Defendant CEO Tim A. Joselin" and seeks to impose liability upon Joselin for failing to properly supervise Dr. Ambati. (Doc. 7 at 4)  Further, Plaintiff alleges Mr. Joselin "failed to keep medical records of [the] second operation in accordance with [the] law and norms of the profession.  (Doc. 12 at 3)

### IV.	Discussion and Analysis of Plaintiff's Claims

#### A.	Claims against Dr. Ambati

Plaintiff alleges Dr. Ambati acted with deliberate indifference and "failed to perform with the skill and responsibility of that of the norms of his profession" in performing his surgery.  (Doc. 12 at 3)  Further, he contends his civil rights were violated through the "to provide adequate medical treatment."  Accordingly, the Court surmises that Plaintiff contends Dr. Ambati is liable for a violation of his Eighth Amendment rights and malpractice.

---

[1] As noted above, an amended complaint supersedes the previously filed complaint.  See Forsyth, 114 F.3d at 1474; King, 814 F.2d at 567.  Because Plaintiff alleges so few facts in his Second Amended Complaint, the Court refers to the prior pleadings as well to determine whether Plaintiff is able to state a cognizable claim.

Notably, when a private physician voluntarily contracts with the state to render medical services for an inmate, he assumes the affirmative obligation of the state to provide adequate medical care. *See West v. Atkins*, 487 U.S. 42, 55-56 (1988). Here, there are no facts alleged for the Court to determine the contractual arrangement with Dr. Ambati for the surgery. However, because he performed the surgery while Plaintiff was in custody, the Court presumes that Dr. Ambati was a state actor for purposes of evaluating the merits of Plaintiff's claims.

### 1. Failure to provide adequate medical care

As individual in custody must rely upon officials for medical care, "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation and quotation marks omitted). To state a cognizable claim for inadequate medical care, Plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. The Ninth Circuit explained: "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

#### a. Serious medical need

A serious medical need exists "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by* *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin*, 974 F.2d at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)). Here, Plaintiff reports he was scheduled remove at least part of his kidney, apparently due to a finding of cancer in the organ. (Doc. 7 at 3; Doc. 12 at 3) Thus, Plaintiff has alleged he suffered a serious medical need.

b.  *Deliberate indifference*

If a plaintiff establishes the existence of a serious medical need, he must then allege the defendant responded to that need with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In clarifying the culpability required for "deliberate indifference," the Supreme Court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exits, and he must also draw that inference.

*Farmer*, 511 U.S. at 837.  Therefore, a defendant must be "subjectively aware that serious harm is likely to result from a failure to provide medical care." Gibson v. County of Washoe, 290 F.3d 1175, 1193 (9th Cir. 2002) (emphasis omitted). When a defendant should have been aware of the risk of substantial harm to the prisoner but was not, "then the person has not violated the Eighth Amendment, no matter how severe the risk." Id., at 1188.

Where deliberate indifference relates to medical care, "[t]he requirement of deliberate indifference is less stringent . . . than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns." Holliday v. Naku, 2009 U.S. Dist. LEXIS 55757, at *12 (E.D. Cal. June 26, 2009) (citing McGuckin, 974 F.2d at 1060).  Claims of negligence are insufficient to claim deliberate indifference. *Id.* at 394; Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).  Generally, a defendant may manifest deliberate indifference in two ways:  "when prison officials deny, delay, or intentionally interfere with medical treatment, or . . . by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

In this case, Plaintiff alleges Dr. Ambati acted "with deliberate indifference."  (Doc. 12 at 3) However, the mere *conclusion* that the physician demonstrated deliberate indifference to his medical condition, without more, is insufficient to state a claim.  Indeed, Plaintiff alleges Dr. Abmati performed the surgery, and then Plaintiff was scheduled for a second one due to the complications of a "distal pancreatic injury and distal colon resection."  (Id.)  Clearly, Dr. Ambati provided significant treatment to Plaintiff contradicting the claim that he acted with deliberate indifference.  While the outcome of the surgeries may have been troublesome, medical negligence does not demonstrate a constitutional

1  violation.  Because Plaintiff fails to allege sufficient facts to support his claim, the Court recommends it
2  be **DISMISSED**.

         2.     Malpractice

"The elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." <u>Avivi v. Centro Medico Urgente Med. Ctr.</u>, 159 Cal.App.4th 463, 468, n.2, (Cal.Ct.App. 2008) (internal quotations and citation omitted).

Here, Plaintiff alleges Dr. Ambati performed a surgery during which Plaintiff suffered injury to his pancreas and colon.  (Doc. 12 at 3)  While these allegations are sufficient to set forth the elements of causation and damages, they are not sufficient to demonstrate that Dr. Ambati failed to perform Plaintiff's surgery with the skill, prudence, and diligence as other members of the profession commonly possess and exercise.  As the Court explained previously, "Merely asserting that [Dr. Ambati] lacked the skills needed to perform the operation, that he failed to prudently perform the surgery and/or that he failed to exercise the proper diligence when conducting the surgery."  (Doc. 9 at 6)  Rather, Plaintiff had a burden to explain *how* Dr. Ambati "failed to prudently perform the surgery and/or that he failed to exercise the proper diligence when conducting the surgery."  (<u>Id.</u>)  Because Plaintiff again fails to allege facts sufficient to support his conclusion, the Court finds he is unable to do so, and recommends the claim be **DISMISSED**.

    B.     Claims against Tim Joselin

        *a.     Respondeat Superior*

The doctrine of respondeat superior recognizes that the employer may be held liable for the acts of the employee if they are performed in the course of the employer's business operation.  <u>Lisa M. v. Henry Mayo Newhall Mem'l Hosp.</u>, 12 Cal.4th 291, 296 (1995).  Here, Plaintiff seeks to impose liability on Tim Joslin as the CEO and Administrator of Fresno Community Hospital.  (Doc. 12 at 1)  However, by alleging that Joselin is the CEO and the administrator of the hospital, Plaintiff implies that Fresno Community Hospital is a corporation such that Joslin is an officer or employee of the

corporation, rather than its owner.

Though the facts alleged by Plaintiff are sufficient to establish that Joselin was a supervisor of Dr. Ambati, there is no showing that Joselin was the *employer* of the physician.  To the contrary, it appears that Dr. Ambati was employed by Fresno Community Regional Hospital, similar to Joselin.  Therefore, Joselin may not be held liable for Dr. Ambati's wrongful acts pursuant to the doctrine of respondeat superior, and the Court recommends the claim be **DISMISSED**.

     b.  *Negligence*

To state a cognizable claim for negligence, Plaintiff must allege "four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock, Inc., 349 F.3d 1191, 1203 (9th Cir. 2003).  The plaintiff must allege facts that give rise to a claim "the defendant owed a duty *to the plaintiff*."  See John B. v. Superior Court, 38 Cal. 4th 1177, 1188 (2006) (emphasis added).  Here, Plaintiff alleges that Joselin had a duty "to keep medical records of [the] second operation," and failed to do so.  (Doc. 12 at 3)  However, Plaintiff does not identify specific any duty *to the plaintiff* or allege facts sufficient to support a conclusion that he suffered harm from any breach of this duty.  Consequently, he fails to state a cognizable claim for negligence, and the Court recommends the claim be **DISMISSED**.

**V.  Order**

Good cause appearing, the Clerk of Court is DIRECTED to assign a United States District Judge to the action.

**VI.  Findings and Recommendations**

The Court has granted Plaintiff two opportunities to amend his claims, and clarify the matter of this Court's jurisdiction.  (Docs. 6, 9)  However, Plaintiff fails to state a cognizable claim that would invoke this Court's subject matter jurisdiction.  Given that Plaintiff has filed three pleadings in this action and has failed to cure these pleading defects, the Court finds further leave to amend would be futile. See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (leave to amend is futile when the deficiencies cannot be cured).

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

  1.  The Second Amended Complaint be **DISMISSED** without leave to amend;

      2.      The action be **DISMISSED** without prejudice; and

      3.      The Clerk of Court be directed to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **November 6, 2015**               **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE